**IN THE COURT OF APPEALS OF IOWA**

No. 15-1997
Filed March 23, 2016

**IN THE INTEREST OF B.P.,**
**Minor Child,**

**B.P., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A father appeals the order terminating his parental rights.  **AFFIRMED.**

Jesse A. Macro Jr. of Gaudineer & George, L.L.P., West Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Janet L. Hoffman, Assistant Attorneys General, for appellee State.

Jami J. Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for minor child.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A father appeals the order terminating his parental rights. We find the Iowa Department of Human Services (DHS) engaged in reasonable efforts to reunite the father with the child. The juvenile court did not abuse its discretion in denying the father's motion to continue the termination hearing. We affirm the ruling of the juvenile court terminating the father's parental rights.

## I.      Background Facts & Proceedings

B.P. and E.V. are the parents of a child, who was born in 2009. B.P. was absent during much of the child's life because he was in prison in Florida on charges arising from his participation in an organized retail theft ring. He also has a previous conviction for lascivious acts with a child based upon sexual conduct with a thirteen-year-old girl and is a registered sex offender. The parties' child was removed from the mother's care in August 2013 after she tested positive for methamphetamine.

The juvenile court adjudicated the child to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n) (2013). On February 20, 2015, the State filed a petition seeking to terminate the parents' rights. On June 4, 2015, B.P. was arrested on federal charges of conspiracy, mail fraud, production of child pornography, possession of child pornography, and commission of a felony offense involving a minor by a registered sex offender, and he was placed in federal custody.[1] In an order filed on August 27, 2015, the juvenile court determined there were grounds to terminate B.P.'s parental rights under section 232.116(1) (d) and (f) (2015) but determined it was not in the

---

[1] The criminal charges against B.P. were filed after the hearing in the termination action. The juvenile court granted the motion of the guardian ad litem to reopen the record.

child's best interests to terminate parental rights at that time. Instead, the court did not terminate the parental rights of either parent because it determined the mother should have more time to work on reunification.

The mother did not actively participate in treatment and relapsed in the use of illegal drugs. The State filed a new petition for termination of parental rights on September 10, 2015. Prior to the hearing, B.P. filed a motion to continue, claiming federal officers had searched his cell and seized all his legal papers, including those pertaining to the termination action. He also filed a motion claiming DHS failed to provide reasonable efforts to reunite him with his child.

The juvenile court denied the motion to continue on the record at the termination hearing. The court filed an order on November 10, 2015, terminating B.P.'s parental rights under sections 232.116 (1) (d) and (f).[2] The court found, "To subject the child to the turmoil that would be caused by an ongoing legal relationship with these unstable parents cannot be in his best interest." The court also found DHS met its obligation to provide reasonable efforts for reunification. B.P. now appeals the termination of his parental rights.

## II.     Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the

---

[2] The mother consented to termination of her parental rights. She has not appealed the termination order.

evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interest of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Reasonable Efforts

B.P. claims DHS did not provide reasonable services to him after he was arrested. He requested visitation with his child while he was detained in a county jail on federal charges. The focus of the requirement for reasonable efforts is on services to improve parenting. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "However, it also includes visitation designed to facilitate reunification while providing adequate protection for the child." *Id.* When a parent is incarcerated, DHS should supply services which are reasonable under the circumstances. *In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000).

In considering reasonable efforts, the juvenile court noted the child's therapist recommended B.P. write a letter to the child explaining his situation so the therapist could discuss the letter with the child in therapy before visits commenced. B.P. never provided the recommended letter. The court also found the child, "has been through trauma associated with both of his parents being incarcerated." We agree with the court's conclusion DHS's services were reasonable under the circumstances of the case.

### IV. Motion to Continue

On October 29, 2015, B.P. filed a motion to continue the termination hearing, which was scheduled for that day. He claimed federal officials had searched his cell on October 27, 2015, and seized all his legal papers, including attorney-client materials. He stated he could not properly prepare for the

termination hearing because the officials had improperly confiscated reports and documents pertaining to the termination.

A juvenile court's ruling on a motion for continuance is reviewed for an abuse of discretion. *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996). "Denial of a motion to continue must be unreasonable under the circumstances before we will reverse." *Id.* We consider whether injustice will result to the party requesting the continuance. *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013).

The court considered the motion to continue on the record at the termination hearing. The court stated:

> First of all, I'm not going to continue the case. We're going to proceed today. It is not for me to rule on the appropriateness of the search warrant. My duty is to determine whether or not any substantial prejudice has occurred that requires a continuance of the trial in this particular case. These exhibits were made of record, available to counsel and [B.P.] well in advance of trial.
> The opportunity to review all of the proposed exhibits, to discuss the matter all existed well prior to the confiscation of the property.
> The proposed documents still exist and are of record, were available, and have been available.

We conclude the court did not abuse its discretion in denying B.P.'s motion to continue. B.P. and his counsel had the ability to review the documents well before the termination hearing and had the ability to obtain new copies before the hearing. The denial of the motion to continue was not unreasonable under the circumstances.

We affirm the court's decision terminating B.P.'s parental rights.

**AFFIRMED.**